BEA, J.,
dissenting.
I respectfully dissent as to the reversal of Mieko Jackson’s conviction on count one for conspiring to distribute pseudoephed-rine (a controlled substance) knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine, and for aiding and abetting the manufacture of methamphetamine. The evidence here was sufficient for the jury to infer beyond a reasonable doubt that Jackson had reason to know the pseudoephed-rine she helped Galeb Mizyed distribute was being used to manufacture methamphetamine by Miguel Sarabia.
The testimony of Mizyed, Sarabia, and David Wallace established the following: Jackson helped Mizyed haul a truck full of pseudoephedrine across the United States from where he purchased it in Canada. Jackson saw numerous, large boxes of pseudoephedrine stored in the garage at Mizyed’s house, where she lived with him. Jackson also paid for storage units to house the pseudoephedrine. Jackson helped Mizyed deliver the pseudoephed-rine to Sarabia. Jackson knew Mizyed was doing business with Sarabia, and was present at some of the sales transactions. She knew Sarabia was paying Mizyed thousands of dollars for the pseudoephed-rine, including $250,000 on one occasion when Jackson was present. On that occasion, Sarabia saw Mizyed share approximately $50,000 of the proceeds with Jackson.
Finally, although Mizyed testified he never directly told Jackson Sarabia used the pseudoephedrine to manufacture methamphetamine, he said it was because he “didn’t need to” tell her.
From this evidence, the jury was entitled to infer Jackson knew she was aiding and abetting Mizyed in distributing pseu-doephedrine to Sarabia, and that Sarabia then used the pseudoephedrine to manufacture methamphetamine. Accordingly, I dissent on the reversal of Jackson’s conviction on count one. In all other respects, I concur in the memorandum disposition affirming Jackson’s conviction.